FILED
2021 JUN 17 P 08:01
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR PARISH OF ORLEANS

STATE OF LOUISIANA

DOCKET NO:                                                 DIVISION " "

ASHANTE DOMINIQUE SEGUE, ET AL

VERSUS

WALMART INC., ET AL

FILED: _____                    _____
                                                                                         DEPUTY CLERK

## PETITION FOR DAMAGES AND DAMAGES FOR WRONGFUL DEATH

The joint petition of ASHANTE DOMINIQUE SEGUE, appearing as natural tutrix of her minor son, K███ A███, all domiciled in the Parish of St. Bernard, respectfully represents:

1.

Made Defendants herein are:

A. WALMART INC., who upon information and belief is a foreign corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana and within the jurisdiction of this Honorable Court;

B. JOHN or JANE DOE, upon information and belief, the manager of the WALMART INC. in question and an individual of the age of majority residing in Orleans Parish;

C. ABC REPAIR and MAINTENANCE COMPANY, a foreign insurance corporation, duly authorized and licensed to do and doing business in this state, which has appointed the Secretary of State of Louisiana as its agent for service of process in suits brought against it in this state;

D. ABC WALK-IN FREEZER MANUFACTURING COMPANY, a foreign insurance corporation, duly authorized and licensed to do and doing business in this state, which has appointed the Secretary of State of Louisiana as its agent for service of process in suits brought against it in this state;

E. ABC INSURANCE COMPANY, an unknown insurance company who insured WALMART INC., and who will be more fully identified upon discovery;

F. DEF INSURANCE COMPANY, an unknown insurance company who insured ABC REPAIR and MAINTENANCE COMPANY and who will be more fully identified upon discovery; and

G. GHI INSURANCE COMPANY, an unknown insurance company who insured ABC FREEZER COMPANY and who will be more fully identified upon discovery.

EXHIBIT A

VERIFIED
Yanley Salazar
2021 JUN 18 A 10:00

Case 2:21-cv-01467-BWA-JVM   Document 1-1   Filed 08/03/21   Page 2 of 7

2021-05178

FILED
2021 JUN 17  P 08:01

CIVIL
DISTRICT COURT

N
Section 8

E-Filed

2.

Defendants are jointly, severally, and in solid liable unto petitioner for damages complained of herein for the following reasons, to wit:

3.

GAVAN AMOS was not married at the time of his death. GAVAN AMOS was the father of one son, namely K████ A████, a minor whose date of birth is 6/9/2014, represented herein by the minor's mother and natural tutrix, ASHANTE DOMINIQUE SEGUE.

4.

Following the death of GAVAN AMOS, ASHANTE DOMINIQUE SEGUE was duly confirmed and qualified as natural tutrix of her minor child, K████ A████.

5.

Upon information and belief, at all times pertinent hereto, that prior to his death, GAVAN AMOS was employed at WALMART INC., located in New Orleans Louisiana.

6.

Upon information and belief, on JUNE 17, 2020, GAVAN AMOS walked into the walk-in freezer at WALMART INC. when he slipped on wet floor, fell on his buttocks, and felt a popping sensation to his right knee with associated pain and swelling, and fell back down when he tried to get up off of the ground.

7.

As a result of the injuries sustained by the fall among other things, GAVAN AMOS had to undergo surgery to his knee.

8.

GAVAN AMOS underwent treatment, including surgery to his knee, and subsequently, on August 2, 2020, he died, upon information and belief, as the direct result of the injuries received as set forth above, after suffering intense anguish and pain for over 2 ½ months.

9.

On August 2, 2020, GAVAN AMOS died upon information and belief as a direct result of the injuries he sustained on June 17, 2021. He was only 31 years old.

10.

The sole and proximate cause of the above-referenced accident was the intentional willful, wanton, and reckless acts of WALMART INC.'s, management, and its employees through respondent superior. WALMART INC.'s management was substantially certain that a harmful act would occur and had a conscious indifference to the consequences of its own conduct which includes but is not limited to the following non-exclusive particulars:

    A. Intentionally with conscious indifference failing to properly train its employees on how to safely work in and around its walk-in-freezer;

Case 2:21-cv-01467-BWA-JVM   Document 1-1   Filed 08/03/21   Page 3 of 7

2021-05178

FILED
2021 JUN 17 P 08:01
CIVIL
DISTRICT COURT

B. Intentionally with conscious indifference failing to properly maintain its walk-in freezer;

C. Intentionally with conscious indifference failing to observe ice and frost build up which upon information and belief melted, leaving a puddle on the floor and causing Mr. Amos to slip and fall;

D. Intentionally with conscious indifference creating an unsafe working condition;

E. Intentionally with conscious indifference failing to provide a workplace that was free of recognized hazards that was likely to cause the death or serious physical harm;

F. Intentionally with conscious indifference failing to provide proper equipment to help guide any excessive water into walk-in-drains so that wet floors could have a chance to dry;

G. Intentionally with conscious indifference failing to encourage employees to wear rubber-soled shoes that would have helped reduce the chance of slipping and falling;

H. Intentionally with conscious indifference failing to regularly clean and or maintain its walk-in freezer system;

I. Intentionally with conscious indifference failing to provide its employees cold weather garments to wear when entering the walk-in-freezer; and

J. Any and all other intentional acts which may be proven at trial on this matter.

11.

Upon information and belief that during the period of time preceding and subsequent to GAVAN AMOS's death, WALMART INC. employees complained about the lack of safety protocols regarding the entering and exiting of the walk-in-freezer, to which WALMART INC. management failed to remedy.

12.

Upon information and belief that WALMART INC.'s management, namely JOHN or JANE DOE willfully and intentionally refused to provide proper safety measures for its employees and instead intentionally with conscious indifference created an atmosphere in which WALMART INC.'s employees were exposed to the unsafe dangerous conditions that existed when entering and exiting the walk-in freezers in its stores.

13.

Upon information and belief that WALMART INC. willfully and intentionally refused to provide proper safety protocols and instead intentionally created an unreasonable hazard, notwithstanding the numerous employees that had been injured due to the walk-in freezer, both before and after GAVAN AMOS's fall. WALMART INC.'s intentional actions were the result of conscious and willful creation of dangerous conditions which inevitably led to Plaintiff's injuries, and thus ultimately his death.

Case 2:21-cv-01467-BWA-JVM Document 1-1 Filed 08/03/21 Page 4 of 7

2021-05178

FILED
2021 JUN 17 P 08:01
CIVIL
DISTRICT COURT

N
Section 8

14.

Upon information and belief that notwithstanding the prior injuries of other employees, WALMART INC. refused to provide proper equipment and or proper maintenance or to take any other measure to ensure the safety of its employees.

15.

Management's intentional and willful and conscious indifference and absolute refusal to address the safety concerns clearly and unambiguously created a dangerous environment in which GAVAN AMOS was injured, and WALMART INC. clearly and with conscious indifference desired for GAVAN AMOS to be seriously injured while performing his duties as an employee of WALMART INC.

16.

ABC WALK-IN FREEZER MANUFACTURING COMPANY is jointly and severally liable, unto Petitioners for their injuries and resulting damages in the following non-exclusive particulars:

A. The walk-in freezer and/or cooler manufactured by ABC WALK-IN FREEZER MANUFACTURING COMPANY is unreasonably dangerous in design as provided by La. R.S. 9:2800.56 of the Louisiana Products Liability Act;

B. The walk-in freezer and/or cooler manufactured by ABC WALK-IN FREEZER MANUFACTURING COMPANY is also unreasonably dangerous because an adequate warning about a characteristic of the product which was likely to cause damage was never provided as required by La. R.S. 9:2800.57 of Louisiana Products Liability Act;

C. The walk-in freezer and/or cooler manufactured by ABC WALK-IN FREEZER MANUFACTURING COMPANY is unreasonably dangerous in construction or composition as provided by La. R.S. 9:2800.55 of the Louisiana Products Liability Act;

D. The walk-in freezer and/or cooler manufactured by ABC WALK-IN FREEZER MANUFACTURING COMPANY is unreasonably dangerous because it failed to conform to an express warranty made by defendant ABC WALK-IN FREEZER MANUFACTURING COMPANY and was not manufactured in accordance with the specifications furnished by ABC WALK-IN FREEZER MANUFACTURING COMPANY as provided by La. R.S. 9:2800.58 of the Louisiana Products Liability Act; and

E. All other acts of negligence and/or other legal fault to be shown upon trial of this matter.

Case 2:21-cv-01467-BWA-JVM   Document 1-1   Filed 08/03/21   Page 5 of 7

2021-05178

FILED
2021 JUN 17  P 08:01
CIVIL
DISTRICT COURT

Section 8

17.

The accident referred to above, and the resulting injury and damages, were caused solely and proximately by the fault and negligence of ABC FREEZER REPAIR and MAINTENANCE COMPANY, which fault and negligence consisted of the following:

A. In failing to use reasonable care to properly repair and or inspect the walk-in freezer referenced herein;

B. In failing to carry out the necessary repairs of the walk-in freezer referenced herein;

C. In failing to properly inspect the walk-in freezer referenced herein;

D. In failing to establish proper procedures for cleaning and inspection walk-in freezer referenced herein;

E. In creating and/or having actual or constructive notice of the condition which caused Plaintiff's injury prior to its occurrence; and

F. Other acts of fault or negligence which will be proved at the trial of this matter.

18.

Upon information and belief that prior to this accident, defendants, WALMART INC., ABC WALK-IN FREEZER MANUFACTURING COMPANY and ABC WALK-IN FREEZER MAINTENANCE AND REPAIR COMPANY, each, respectively had a policy of insurance insuring each defendant against liability for fault and acts described herein. Each policy was in full force and effect at the time of the accident sued on herein.

19.

At the time of his death, GAVAN AMOS was 31 years of age, and was employed as a construction foreman for WALMART INC. at a yearly salary of $31,000.00 and was highly regarded by his employer.

20.

Significant expenses were incurred as a result of the injury and death of GAVAN AMOS including but not limited to medical and burial expenses.

21.

K___ A___ is the only surviving son of GAVAN AMOS and in accordance with Louisiana Civil Code Article 2315 et seq., ASHANTE DOMINIQUE SEGUE, in her capacity as natural tutrix of her minor child K___ A___, asserts this survival and wrongful death action against the Defendants in solido, seeking all such damages as may be reasonable in the premises, including damages for the pain and suffering of GAVAN AMOS; grief, mental anguish and

FILED
2021 JUN 17 P 08:01
CIVIL
DISTRICT COURT

suffering of K███ A███, and for loss of future support and for loss of consortium, service and society.

WHEREFORE, Plaintiffs pray that this petition for damages be served on the named defendants, and that after due proceedings are had, that there be judgment rendered in favor of the Plaintiffs, ASHANTE DOMINIQUE SEGUE on behalf of K███ A███, and against the Defendants WALMART INC, JOHN or JANE DOE, ABC REPAIR and MAINTENANCE COMPANY, ABC WALK-IN FREEZER MANUFACTURING COMPANY, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, and GHI INSURANCE COMPANY, in solido, for all damages reasonable in the premises together with legal interest thereon, from date of judicial demand, until paid, and for all costs of these proceedings, and all equitable and just relief.

Respectfully submitted:

PICHON LAW FIRM, LLC

Jeremy J. Pichon (#32218)
One Canal Place
365 Canal Street, Suite 1490
New Orleans, LA 70130
Direct: 504-576-0440
Facsimile: 504-576-0456

and

JACK, HARRISON & HAMPTON LLC
Damion L. Jack #36877
R. Christopher Harrison #35809
Gerald J. Hampton, Jr. #35163
650 Poydras Street, Ste. 2107
New Orleans, Louisiana 70130
rcharrison@jackandharrisonlaw.com
ph. (504) 603-3222, Ext. 102
fax (504) 324-0983

*ATTORNEYS FOR PLAINTIFF*

**PLEASE SERVE:**

WALMART INC.
Through Registered Agent:
CT CORPORATION SYSTEM
3867 Plaza Tower Drive
Baton Rouge, LA 70816

JOHN or JANE DOE
(Please hold service)

A TRUE COPY

*[signature]*
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

Case 2:21-cv-01467-BWA-JVM   Document 1-1   Filed 08/03/21   Page 7 of 7

2021-05178

FILED
2021 JUN 17  P 08:01
CIVIL
DISTRICT COURT

# Section B

2. ABC REPAIR and MAINTENANCE COMPANY
(Please hold service)

3. ABC WALK-IN FREEZER MANUFACTURING COMPANY
(Please hold service)

4. ABC INSURANCE COMPANY
(Please hold service)

5. DEF INSURANCE COMPANY
(Please hold service)

6. GHI INSURANCE COMPANY
(Please hold service)