UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHANTE DOMINIQUE SEGUE, NATURAL  　　　CIVIL ACTION
TUTRIX OF HER MINOR SON, K.A.
　　　　　　　　　　　　　　　　　　　　　　　　NO. 21-1467
VERSUS
　　　　　　　　　　　　　　　　　　　　　　　　SECTION M (1)
WALMART INC., ET AL.

**ORDER & REASONS**

Before the Court is a motion by defendant Walmart, Inc. to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1] Plaintiff Ashante Dominique Segue, natural tutrix of her minor son, K.A. ("Segue") responds in opposition,[2] and Walmart replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting Walmart's motion to dismiss because the Louisiana Workers' Compensation Act ("LWCA"), La. R.S. 23:1032, provides the sole remedy for Segue's claims.

**I.　BACKGROUND**

This case arises from a work-related accident. Segue alleges that K.A.'s father, Gavan Amos ("Amos"), died from injuries sustained while he was working in the course and scope of his employment at Walmart.[4] According to Segue, on June 17, 2020, Amos walked into one of Walmart's walk-in freezers and slipped and fell on a wet floor, injuring his right knee.[5] Amos had

---

[1] R. Doc. 6.
[2] R. Doc. 9.
[3] R. Doc. 12.
[4] R. Doc. 1-1 at 1-2.
[5] *Id.* at 2.

surgery on his knee, specifically his right quadricep tendon,[6] and on August 2, 2020, he died, allegedly as a direct result of the injuries he sustained in the June 17, 2020 slip-and-fall accident.[7]

## II.   PENDING MOTION

Walmart argues that Segue's complaint fails to state a claim upon which relief can be granted because the LWCA provides the exclusive remedy for any damages arising from Amos's work-related accident.[8]  Walmart argues that the "intentional act" exception to the LWCA's exclusivity is narrow and that it does not apply in this case because the petition consists of conclusory allegations devoid of any specific facts or evidence supporting Walmart's alleged intentionality.[9]

In opposition, Segue insists that the intentional act exception applies.[10]  She argues that Walmart intentionally caused Amos's injury and death because Walmart was aware of the freezer's dangerous condition and failed to remedy it.[11]  Particularly, she contends that other Walmart employees had previously slipped and fallen in the walk-in freezer, Walmart failed to properly train employees on safety within the freezer, and Walmart refused to provide proper safety measures for its employees.[12]  Additionally, Segue argues that she specifically pleaded every instance of intentional acts and that more details will emerge during discovery.[13]

Walmart replies, arguing that neither an awareness of prior similar incidents nor a failure to remedy a dangerous condition establishes an intentional act.[14]  It also reurges that the petition

---

[6] R. Doc. 9 at 1.
[7] R. Doc. 1-1 at 2.
[8] R. Doc. 6-1 at 6.
[9] *Id.* at 7, 9-10.
[10] R. Doc. 9 at 3.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 4.
[14] R. Doc. 10-2 at 1-2.

consists of merely conclusory allegations of an intentional tort and asserts that discovery is not required to rule on its Rule 12(b)(6) motion to dismiss.[15]

### III. LAW & ANALYSIS

#### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted

---

[15] *Id.* at 3.

unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### B. Analysis

The LWCA provides rights and remedies to employees injured "by accident arising out of and in the course of [their] employment" and is the "exclusive remedy" for employees bringing claims against their employers. La. R.S. 23:1031, 1032(A)(1)(b). The LWCA also provides an exception to this exclusivity for liability resulting from an employer's intentional act. *Id.* 23:1032(B). In the LWCA context, "[t]he term 'intentional' means that the tortfeasor 'either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.'" *Harper v. Boise Paper Holdings, L.L.C.*, 575 F. App'x 261, 263 (5th Cir. 2014) (quoting *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006)). However, "[c]ourts narrowly interpret the intentional act loophole to the workers' compensation system." *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1328 (5th Cir. 1996) (citing *Bridges v. Carl E. Woodward, Inc.*, 663 So. 2d 458, 462-63 (La. App. 1995)). Accordingly, "Louisiana jurisprudence requires a strong link between the employer's conduct and the employee's injury" for the intentional act exception to apply. *Guillory*, 95 F.3d at 1328.

The Louisiana supreme court has instructed that the phrase "substantially certain to follow" means more than a reasonable probability that an injury will result, and "certain" means "inevitable or incapable of failing." *Harper*, 575 F. App'x at 264 (quoting *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 213 (La. 1999)). Therefore, for the exception to apply, an employer must have subjected an employee to a hazardous environment in which injury is nearly inevitable or almost certain to result. *Guillory*, 95 F.3d at 1327. "[M]ere knowledge and appreciation of a risk" is not enough to constitute intent. *Reeves*, 731 So. 2d at 213 (holding that "an employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone

5

will eventually be injured is not sufficient to meet the 'substantial certainty' requirement") (quotation and citation omitted). Additionally, violating safety standards and failing to provide safety equipment are allegations that do not fit within the intentional act exception. *Id.* at 211. Even gross negligence does not rise to the level of an intentional act under the LWCA. *Harper*, 575 F. App'x at 264 (citing *Gallant v. Transcont'l Drilling Co.*, 471 So. 2d 858, 861 (La. App. 1985)).

In *Williams v. Fresenius USA Manufacturing, Inc.*, another section of this Court addressed a factually similar situation in which a plaintiff brought suit against her employer following a work-related slip-and-fall incident. 2009 WL 10679751, at *1 (E.D. La. Oct. 15, 2009). The plaintiff there claimed that her employer intentionally harmed her by not repairing leaking machines at her work site. *Id.* Reviewing *Reeves* and other Louisiana cases, the *Williams* court granted the employer's motion to dismiss, concluding that the plaintiff's claims amounted to claims of gross negligence, reckless or wanton conduct, but not an intentional act. *Id.* at *4. Said the court:

> While it is conceivably reprehensible conduct to subject employees to a work environment where they are … working in frequently occurring puddles of water, such conduct does not meet the strict standard applied to the LWCA intentional act exception. Plaintiff is essentially claiming that there was a high probability that someone would eventually be injured. This type of claim is not sufficient to fall under the LWCA intentional act exception.

*Id.* (internal quotation marks, citation, and alteration omitted). Moreover, the *Williams* court recited the well-established rule that use of words or phrases like "intent," "conscious," or "substantially certain" in a pleading "is not a 'talisman that can change allegations of gross negligence into colorable claims of true intentional torts.'" *See id.* (quoting *Boudreaux v. Verret*, 422 So. 2d 1167, 1171 (La. App. 1982)).

6

In the present case, Segue has not alleged any specific, non-conclusory facts to fit her claim within the intentional tort exception. Segue alleges that Walmart was "substantially certain" that harm would befall Amos because Walmart did not properly train employees, it did not properly maintain the walk-in freezer, it failed to observe the ice build-up, it created an unsafe working condition, it failed to provide a safe workplace, it failed to provide proper equipment, it failed to encourage employees to wear rubber-soled shoes, and it failed to provide employees with cold weather garments.[16] None of these allegations has been recognized by Louisiana courts to fit within the intentional act exception to the LWCA. Instead, these allegations assert, at most, a claim for gross negligence, which Louisiana courts hold must be brought under the LWCA. And Segue's formulaic pleading of the words or phrases "intentional," "intentionally," "intentional acts," "substantially certain," and "conscious indifference" before, or in combination with, each of these allegations "does not transform any set of facts into an intentional tort and does not provide protection against a well-founded motion to dismiss." *Graft v. Mason*, 2009 WL 799973, at *3 (E.D. La. Mar. 19, 2009).

Under Louisiana law, the few facts Segue has pleaded fail to make the legal connection between Amos's accident and any intentional act of Walmart – that is to say, an act evincing either Walmart's conscious desire for Amos to be harmed or knowledge that the harm was substantially certain to follow from Walmart's act. In her opposition, Segue asserts that Walmart was aware of the dangerous condition in the freezer as a result of previous slip-and-fall accidents in the freezer but refused to remedy the hazardous condition.[17] However, Louisiana courts have consistently declined to hold that an employer's awareness of prior similar accidents or its permitting a hazardous work condition to exist constitutes an intentional act for purposes of the LWCA

---

[16] R. Doc. 1-1 at 2-3.
[17] R. Doc. 9 at 3.

exception. *See Batiste v. Bayou Steel Corp.*, 45 So. 3d 167, 169 n.2 (La. 2010) (observing that "the mere fact an employer is aware of prior similar accidents is insufficient to establish an intentional act"); *Reeves*, 731 So. 2d at 210 (observing that "knowingly permitting a hazardous work condition to exist … still falls short of the kind of actual intention to injure that robs the injury of accidental character") (quotation and citation omitted). Thus, even were the Court to consider the assertions in Segue's opposition as tantamount to pleaded factual allegations (which, of course, they are not), they nevertheless fail to come within the intentional act exception to the exclusive remedy provision of the workers' compensation statute.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Walmart's motion to dismiss (R. Doc. 6) is GRANTED, and the complaint is dismissed with prejudice.

New Orleans, Louisiana, this 2nd day of November, 2021.

                                                                              _____
                                                                              BARRY W. ASHE
                                                                              UNITED STATES DISTRICT JUDGE